UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOUGLAS GORDON, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   1:22-cv-00386-JAW |
| | ) |
| DENISE ROBERSON, et al., | ) |
| | ) |
|     Defendants | ) |

## RECOMMENDED DECISION ON
## DEFENDANTS' MOTION TO DISMISS

Following Plaintiff's conviction for copyright infringement and mail fraud, the United States Department of Homeland Security issued a debarment order prohibiting Plaintiff from transacting business with the federal government.  In this action, Plaintiff seeks to terminate the order.  (Complaint at 4, ECF No. 1.)

Defendants moved to dismiss the complaint citing Plaintiff's failure to allege an actionable claim.  (Motion to Dismiss, ECF No. 16.)  Following a review of record and after consideration of the parties' arguments, I recommend the Court grant Defendants' motion.

### BACKGROUND

On October 19, 2019, Plaintiff was convicted of Criminal Copyright Infringement and Mail Fraud. (Complaint at 1–2.)  On December 23, 2020, the Court sentenced Plaintiff

to five years in prison and two years of supervised release.[1] (*Id.*) On August 24, 2021, Plaintiff received a notice of his debarment, which would prohibit Plaintiff from transacting business with the federal government for a three-year period after he served his custodial sentence. (*Id.* at 2.) On April 5, 2022, Plaintiff sought reconsideration of the debarment. (*Id.* at 3.) A FEMA Suspension and Debarment Official reviewed and denied the reconsideration request. (Attachment at 1, ECF No. 1-3.) On November 7, 2022, Plaintiff received the denial of his reconsideration request. (*Id.*)

Plaintiff alleges Defendants intentionally delayed the debarment, the debarment was issued in error on the underlying convictions, and the length of the debarment violates his Eighth Amendment rights. (*Id.* at 2–3.)

## LEGAL STANDARD

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), a court "must evaluate whether the complaint adequately pleads facts that 'state a claim to relief that is plausible on its face.'" *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In doing so, a court must "assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom," but need not "draw unreasonable inferences or credit bald assertions [or] empty conclusions." *Id.* (alteration in original) (internal quotation marks omitted); *see Bruns v.*

---

[1] The five-year prison sentence and the two-year term of supervised release were imposed on the mail fraud conviction. (Attachment at 2, ECF No. 1-1.) The Court sentenced Plaintiff to a concurrent three-year prison sentence and a one-year term of supervised release on two counts of copyright infringement. (*Id.*)

*Mayhew*, 750 F.3d 61, 71 (1st Cir. 2014) ("[A] court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly*, 550 U.S. at 555)). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661 at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff argues the plausibility standard is inappropriate in this case because "the standard does not apply to a complaint for judicial review of final agency action." *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013). The First Circuit has noted, however, that "it is possible that such a motion might lie where the agency claims that the underlying premise of the complaint is legally flawed (rather than factually unsupported)." *Id.* at 76 n.4. Here, because Defendants contend that the law does not permit Plaintiff to obtain the relief he seeks, the Court can properly consider Defendants' motion to dismiss pursuant to Rule 12(b)(6).

## DISCUSSION

### A.   Procedural Due Process Claim

Plaintiff claims Defendants intentionally delayed notifying him of the debarment until after he was incarcerated to disrupt his ability to prepare a meaningful defense. (Complaint at 2.) To the extent Plaintiff attempts to assert a procedural due process challenge, Plaintiff's claim fails.

3

"Procedural due process protects a right to a fundamentally fair proceeding." *Teng v. Mukasey*, 516 F.3d 12, 17 (1st Cir. 2008). "To establish a procedural due process violation, the plaintiff 'must identify a protected liberty or property interest and allege that the defendants, acting under color of state law, deprived [him] of that interest without constitutionally adequate process.'" *Gonzalez-Droz v. Gonzalez-Colon*, 660 F.3d 1, 13 (1st Cir. 2011) (quoting *Aponte–Torres v. Univ. of P.R.*, 445 F.3d 50, 56 (1st Cir. 2006)). Where a protected interest is at stake, the basic guarantee of procedural due process is that the individual receive notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Id*. "[A]n inquiring court must balance a myriad of factors, including the private and public interests involved, the risk of an erroneous deprivation inherent in the procedures employed by the state, and the likely benefit that might accrue from additional procedural protections." *Id*. (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). "Whether the deprivation was, in fact, justified is not an element of the procedural due process inquiry." *Id*.

To order debarment, an agency must establish by "a preponderance of the evidence" that a person is "not presently responsible" to participate in federal programs. 2 C.F.R. §§ 180.850, 180.125. "If the proposed debarment is based upon a conviction or civil judgment, the standard of proof is met." 2 C.F.R. § 180.850. Because a conviction satisfies an agency's burden, an agency acts logically and reasonably in awaiting the result of criminal proceedings before initiating a debarment action. Furthermore, if the agency commenced the debarment action during the pendency of the criminal proceedings, Plaintiff's Fifth Amendment rights would have been implicated.

Plaintiff cites no legal authority to support a procedural due process claim based on the timing of the debarment proceeding. The fact that Defendants commenced the debarment action after the conclusion of the criminal proceedings does not generate due process concerns.

### B.     Reliance on Convictions

Plaintiff argues that because at sentencing the Court did not apply an enhancement for perjury due to the "willful blindness" instruction, Defendants could not rely on the convictions to support the debarment action. (Complaint at 2.) The law explicitly provides that a criminal conviction satisfies the agency's burden. 2 C.F.R. § 180.850. Plaintiff cites no persuasive legal authority to support any exception to the rule.

### C.     Eighth Amendment

Plaintiff contends that the length of the debarment period, which would extend beyond the term of his supervised release, constitutes an additional penalty for his conviction in violation of his Eighth Amendment rights.

The "revocation of a privilege voluntarily granted, such as debarment, is characteristically free of the punitive criminal element." *Hudson v. United States*, 522 U.S. 93, 104 (1997) (internal quotations and citations omitted). "The mere fact that a criminal conviction triggers a consequence has never been the operative test to determine whether that consequence is punitive or otherwise implicates the cruel and unusual punishment clause." *Hinds v. Lynch*, 790 F.3d 259, 266 (1st Cir. 2015) (citing *Hudson*, 522 U.S. at 104). Plaintiff does not have a cognizable Eighth Amendment claim.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' motion to dismiss.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of August, 2023.